PAUL KELLY, JR., Circuit Judge,
dissenting.
In 2009, Oklahoma changed its standard-issue license plate to incorporate a representation of Allan Houser’s “Sacred Rain Arrow,” on permanent display at Tulsa’s Thomas Gilcrease Institute of American History and Art.[1] Though awarded the Automobile License Plate Collectors Association’s best plate of the year award for 2009,[2] Mr. Cressman considers his display of the image on the license plate to be compelled speech. The district court disagreed.
This court concludes that Mr. Cressman has stated a claim because the complaint “plausibly ties the license plate image to a specific sculpture that conveys a specific message,” which according to Mr. Cress-man, others are likely to perceive. In my view, the complaint does not contain sufficient factual allegations “to raise [the] right to relief above the speculative level.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
Mr. Cressman has connected the image on Oklahoma’s license plate to the sculp *1159 ture and that sculpture to a Native American legend. He asserts that the license plate promotes “pantheism, panentheism, polytheism, and/or animism,” all of which are antithetical to his religious beliefs. Doc. 1 at 6, ¶ 25-26. However, he has not alleged facts from which we can reasonably infer that others are likely to make the same series of connections.
This is especially so when the image is considered in context. See Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (“Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.”). Native American culture is an integral part of the history of Oklahoma and the United States. Indeed, the name “Oklahoma” comes from two Choctaw words meaning “red people.”[3] Oklahoma has decided to acknowledge its history by portraying a Native American cultural image on its license plate and promoting “Native America.” Without more, Mr. Cressman’s allegation that others are likely to perceive an ideological message based upon the image — as opposed to a historical or cultural message — lacks facial plausibility-
As the court notes, we need not address the scope of protection afforded to non-ideological speech because Mr. Cressman alleges that the license plate’s message is ideological. Therefore, he must satisfactorily allege that others are likely to perceive the image as communicating an ideological message; of course, whether others agree or disagree with the message is not relevant. See Wooley v. Maynard, 430 U.S. 705, 715, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977). This he has not done and we are not required to accept unreasonable inferences. See Moss v. U.S. Secret Serv., 572 F.3d 962, 971 (9th Cir.2009). Mr. Cressman’s assertion that he is being forced “to be an instrument for fostering public adherence to an ideological point of view he finds unacceptable” is built entirely on speculation. Wooley, 430 U.S. at 715, 97 S.Ct. 1428.
Moreover, the compelled speech doctrine never was intended to displace governmental choices in favor of complete personal autonomy. Otherwise, aesthetics-based challenges would not be far away. Suppose one objected to the selection of a particular artist’s work or a certain color scheme? No one would suggest a First Amendment right to override the choices made by the state on these grounds.
Because I conclude that Mr. Cressman has failed to nudge his complaint across the line from possible to plausible, see Iqbal, 556 U.S. at 678, 129 S.Ct. 1937, I respectfully dissent. I would affirm the district court’s order dismissing Mr. Cress-man’s complaint.

. See Quick Facts, Thomas Gilcrease Museum, http://gilcrease.utulsa.edu/Explore/Quick-Facts (last visited May 28, 2013).

. See ALPCA's Best Plate of 2009, ALPCA, http://www.alpca.org/bestplate/2009 (last visited May 28, 2013).

. Muriel H. Wright, Contributions of the Indian People to Oklahoma, Oklahoma Historical Society’s Chronicles of Oklahoma, http:// digital.library.okstate.edu/chronicles/v014/v 014pl56.html (last visited May 28, 2013).